NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0035n.06

No. 13-5403

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Jan 15, 2014
DEBORAH S. HUNT, Clerk

JAMES E. FENTON, JR.,                   )
                                        )
    Petitioner-Appellant,               )
                                        )       ON APPEAL FROM THE UNITED
v.                                      )       STATES DISTRICT COURT FOR
                                        )       THE MIDDLE DISTRICT OF
ROLAND COLSON, Warden,                  )       TENNESSEE
                                        )
    Respondent-Appellee.                )


BEFORE: SUTTON, McKEAGUE, and WHITE, Circuit Judges.


PER CURIAM. James E. Fenton, Jr., appeals the district court's judgment denying his petition for a writ of habeas corpus, filed under 28 U.S.C. § 2254.

A jury found Fenton guilty of especially aggravated robbery, and the trial court sentenced him to twenty years in prison. The Tennessee Court of Criminal Appeals affirmed the trial court's judgment, *State v. Fenton*, No. M2005-01761-CCA-R3-CD, 2006 WL 1896363 (Tenn. Crim. App. July 7, 2006), and the Tennessee Supreme Court denied permission to appeal. The Tennessee courts denied Fenton's subsequent petition for post-conviction relief. *Fenton v. State*, No. M2007-01661-CCA-R3-PC, 2008 WL 4457051 (Tenn. Crim. App. Oct. 2, 2008).

Fenton filed a federal habeas petition, asserting several claims, including that his trial counsel rendered ineffective assistance by failing to impeach the victim's identification of Fenton as one of the perpetrators with the contents of a 9-1-1 call that was made shortly after the assault. The district court denied the petition, concluding, among other things, that the

ineffective-assistance claim lacked merit. The court issued a certificate of appealability for the ineffective-assistance claim.

On appeal, Fenton argues that the district court erred by denying relief on his ineffective-assistance claim. He contends that his trial counsel should have impeached the victim's testimony that Fenton was one of the perpetrators with the contents of a 9-1-1 call that was made after the assault. During the call, the victim, who had known Fenton for a long period of time, stated that he could not identify the perpetrators. The victim also identified the perpetrators as a black male and a white male, which conflicted with his subsequent statement to police that both individuals were white.

We review de novo a district court's denial of a § 2254 petition. *Tolliver v. Sheets*, 594 F.3d 900, 915 (6th Cir. 2010). We may grant relief under § 2254 only if the state court decision denying the claim on the merits was contrary to or an unreasonable application of clearly established federal law or based on an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d); *Peoples v. Lafler*, 734 F.3d 503, 510 (6th Cir. 2013).

"Ineffective assistance under *Strickland* [*v. Washington*, 466 U.S. 668 (1984),] is deficient performance by counsel resulting in prejudice, with performance being measured against an objective standard of reasonableness under prevailing professional norms." *Rompilla v. Beard*, 545 U.S. 374, 380 (2005) (citations and internal quotation marks omitted). Our review of a *Strickland* claim under § 2254(d) is doubly deferential. *Campbell v. Bradshaw*, 674 F.3d 578, 587 (6th Cir.), *cert. denied*, 133 S. Ct. 527 (2012). The relevant inquiry is "whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Harrington v. Richter*, 131 S. Ct. 770, 788 (2011).

The state courts reasonably applied *Strickland* in denying Fenton's ineffective-assistance claim. Fenton's counsel was not deficient in failing to impeach the victim with the contents of the 9-1-1 call. Counsel listened to the recording and reasonably determined that it had the potential to inflame the jury against Fenton because the severity of the victim's distress was audible. Moreover, the impeachment value of the call, namely that the victim was unable to identify the perpetrators shortly after the assault, was largely cumulative of the contents of the police report that defense counsel used to challenge the victim's identification of Fenton. Further, even if counsel performed deficiently, Fenton did not suffer prejudice as a result. Defense counsel effectively used the police report to demonstrate that the victim was unable to identify Fenton as one of the perpetrators shortly after the assault, and it is unlikely that making a similar point using the 9-1-1 call would have had an impact on the jury's verdict.

Accordingly, we affirm the district court's judgment.